# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | **I N D I C T M E N T** |
| Plaintiff, | |
| v. | Criminal No. 07-0ラ2 (JAG) |
| **[1] ALFRED VALDIVIESO-RODRIGUEZ,** AKA Dr. Valdivieso (Counts 1-22, 24-36 ) | **VIOLATIONS:** Title 21, U.S.C., §§ 841(a)(1), 846 |
| **[2] BLANCA I. PLAZA-RODRIGUEZ,** AKA Dr. Plaza (Counts 1-4, 20, 22, 34-35 ) | Title 21, U.S.C., § 846 Title 21, U.S.C., §§ 331(k), 333(a)(2) and Title 18, U.S.C., § 2 |
| **[3] NORBERTO J. SEDA-OLMO,** AKA Dr. Seda (Counts 1, 5-7, 23, 34-35) | Title 18, U.S.C., §1343 and Title 18, U.S.C., §2 Title 18, U.S.C., §1956 (a)(1)(A)(i) and (h) |
| **[4] JUAN M. RAMOS-GONZALEZ,** AKA Dr. Ramos (Counts 1, 8-10, 20, 34-35) | Title 21, U.S.C., § 853 Title 18, U.S.C. § 982 |
| **[5] JUAN A. TOSADO-POLANCO,** AKA Dr. Tosado (Counts 1, 11-13, 20-21, 34-35) | **(THIRTY-SIX COUNTS)** |
| **[6] ABELARDO LECOMPTE-TORRES,** AKA Dr. Lecompte (Counts 1, 14-16, 20, 34-35) | |
| **[7] MAILEEN LUGO-TORRES,** AKA Dr. Lugo (Counts 1, 17-20, 34-35) | |
| Defendants. | |

RECEIVED
& FILED
JAN 26 2007
CLERK'S OFFICE
U.S. DIST. COURT
SAN JUAN, PR

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At pertinent times material to this Indictment,

      1.     The Federal Food, Drug and Cosmetic Act, as amended, Title 21, <u>United States Code,</u>

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 2

Section 331, et seq. was in effect.

2.    From as early as 2003 up to and including the date of this Indictment, co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** were medical doctors licensed in the Commonwealth of Puerto Rico.

3.    Co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** worked with various internet facilitation centers providing prescription services, including: BC LTD doing business in Canada; All Service Consultants, Inc. doing business in Florida; Pitcairn Investment, Inc. doing business in Panama; Heda Business Corp. doing business ; Med Logic RX, Inc. doing business in Florida; and JP Health Service, Inc. doing business in Florida (herein after referred to as "Internet Facilitation Centers").

4.    The Internet Facilitation Centers worked with the following pharmacies: TFP Enterprises, Inc. located in South Carolina; St. Peter's Apothecary located in Pennsylvania; City View Pharmacy and Lindy's Pharmacy located in Colorado; and, Park and Clay Pharmacy located in Maryland, to dispense the prescriptions written by co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** among others.

5.    The Commonwealth of Puerto Rico Code, Title 20, <u>L.P.R.A.</u>, Section 34, gives authority

to the Puerto Rico State Board of Medical Examiners to adopt rules to regulate the practice of medicine

and set the standard of care in the Commonwealth of Puerto Rico.

6.      The Puerto Rico Board of Medical Examiners adopted regulation 5897 titled as the

Code of Professional Ethics of the Medical Profession of Puerto Rico.

Canon 13 of this regulation provides in part that all doctors are obligated to maintain a complete

written medical record, that is legible and unaltered for each patient, where it includes among other

things the medical history, physical exam, results of exams and tests, in a fashion that documents the

diagnostic and treatment administration.

7.      Title 21, United States Code, Section 821 provides:

The Attorney General (of the United States) is authorized to promulgate rules and
regulations ... relating to the registration and control of the manufacture, distribution and
dispensing of controlled substances.

8.      The attorney General of the United States has exercised his rule making authority

regarding the dispensing of controlled substances through the promulgation of Title 21, Code Federal

Regulations, Section 1306.04 - Purpose of Issue of Prescription - which provides:

(a) a prescription for a controlled substance to be effective must be issued for a
legitimate medical purpose by an individual practitioner acting in the usual course
of his professional practice.  The responsibility for the proper prescribing and
dispensing of controlled substances is upon the prescribing practitioner, but
a corresponding responsibility rests with the pharmacist who fills the prescription.
An order purporting to be a prescription issued not in the usual course of
professional treatment or in legitimate and authorized research is not a prescription
within the meaning and intent of section 309 of the Act (21 U.S.C. §829) and the
person knowingly filling such a purported prescription, as well as the person
issuing it, shall be subject to the penalties provided for violations of the provisions
of law relating to controlled substances.

9.      Hydrocodone is the generic name for an addictive prescription painkiller that is

classified under the federal narcotics laws as a Schedule II controlled substance.  It is classified as a

Scheduled III controlled substance when dispensed in amounts of not more than 15 milligrams per dosage unit when combined with other ingredients in recognized therapeutic amounts. When hydrocodone is legally prescribed for a legitimate medical purpose, it is typically used to combat acute, severe pain. Accordingly, the prescription is usually for a modest number of pills to be taken over a short period of time.

10.     Phentermine is the generic name for an addictive prescription weight loss drug that is classified under the federal narcotics laws as a Schedule IV controlled substance.

11.     Diazepam, more commonly referred to by one of its brand names: Valium, is the generic name for an addictive prescription sedative and anti-anxiety agent and muscle relaxant that is classified under federal narcotics law as a Schedule IV controlled substance.

12.     Hydrocodone, Phentermine, and Diazepam were prescription drugs, as the term is defined in the Federal Food, Drug and Cosmetic Act, more specifically in Title 21, United States Code, Section 353(b)(1), which provides that prescription drugs shall only be dispensed upon a written or oral prescription by a practitioner licensed by law to administer such drug and which also provides that the act of dispensing a prescription drug by an individual not licensed to administer such drug is an act that deems the drug to be misbranded while held for sale.

13.     The United States Department of Health and Human Services, Food and Drug Administration, was empowered by Federal law and regulations to enforce the Federal Food, Drug and Cosmetic Act throughout the United States, including the Commonwealth of Puerto Rico, and was thereby the agency responsible for protecting the health and safety of the American public by ensuring, among other things, that drug products were safe and effective for their intended uses.

14.     In November of 2003, defendant [1] ALFRED VALDIVIESO-RODRIGUEZ began

**INDICTMENT**
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 5

prescribing controlled substances, including hydrocodone, phentermine, and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ** had no face-to-face contact with these customers.

15.     In October of 2003, defendant **[2] BLANCA I. PLAZA-RODRIGUEZ** began prescribing controlled substances, including hydrocodone and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[2] BLANCA I. PLAZA-RODRIGUEZ** had no face-to-face contact with these customers.

16.     In June of 2004, defendant **[3]  NORBERTO J. SEDA-OLMO** began prescribing controlled substances, including hydrocodone, phentermine, and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[3]  NORBERTO J. SEDA-OLMO** had no face-to-face contact with these customers.

17.     In July of 2004, defendant **[4] JUAN M. RAMOS-GONZALEZ** began prescribing controlled substances, including hydrocodone and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[4] JUAN M. RAMOS-GONZALEZ** had no face-to-face contact with these customers.

18.     In May of 2004, defendant **[5]  JUAN A. TOSADO-POLANCO** began prescribing controlled substances, including hydrocodone and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[5]  JUAN A. TOSADO-POLANCO** had no face-to-face contact with these customers.

19.     In July of 2005, defendant **[6] ABELARDO LECOMPTE-TORRES** began prescribing controlled substances, including hydrocodone and diazepam, for various internet customers, who lived

in states across the continental United States.   Defendant **[6] ABELARDO LECOMPTE-TORRES** had no face-to-face contact with these customers.

20.   In May of 2005, defendant **[7] MAILEEN LUGO-TORRES** began prescribing controlled substances, including hydrocodone and diazepam, for various internet customers, who lived in states across the continental United States.   Defendant **[7] MAILEEN LUGO-TORRES** had no face-to-face contact with these customers.

21.   Co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** were never licensed to practice medicine in the states where the internet customers where located nor where the pharmacy that dispense the controlled substance was located.

22.   Co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** prescribed controlled substances and dangerous drugs to internet customers without establishing patient history, performing a mental nor physical exam, using appropriate diagnostic nor laboratory testing, or providing a means to monitor medication response.   The prescriptions were made after only an alleged internet consultation.

23.   The Internet Facilitation Centers solicited customers throughout the United States through their internet sites.   Individuals from across the United States who were seeking controlled substances would be referred from these Internet Facilitation Centers using some of the following web sites and e-mail addresses: Direct_Consult@yahoo.com; medlogicrx.com; RxScriptOnline; www.1stemeds.com;

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 7

www.apainsolution.com; www.arxmeds.com; www.directconsults.com; www.e-rxnow.com; www.legitconsults.com; www.mdlogicrx.com; www.myhealthserviceonline.com; www.rxmesa.com; www.secure.jhhosts.com; www.securemeds.com; www.secure.integrarx.com; www.buypillsrx.com; www.bestmedstoyou.com; and, www.firstchoicemedsource.com, to co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** for an alleged internet consultation.

24.     Defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ** was paid through wire transfers by the Internet Facilitation Centers based the number of prescriptions written by him and Co-defendants **[2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES.**     After being paid, defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ** in turn paid co-defendants **[2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** based on the number of prescriptions that each of them approved.

25.     From in or about October 2003 through in or about May 2006,  defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ** received at least Three Million Two Hundred Eighty-eight Thousand Twenty-four Dollars and Twenty-five Cents ($3,288,024.25) in wire transfers for the prescriptions illegally approved by him and co-defendants **[2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES.**

26.     Co-defendants [1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES, and [7] MAILEEN LUGO-TORRES caused controlled substances to be filled and dispensed on the basis of their internet prescriptions.

**COUNT ONE**
**(Conspiracy to Distribute Controlled Substances)**
**Title 21, U.S.C., § 846**

27.     Paragraphs One (1) through Twenty-six (26) of the General Allegations and Counts Two (2) through Twenty-four are hereby realleged and incorporated as overt acts of the drug conspiracy charged herein.

28.     In or about October 27, 2003 through in or about May 2006, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] ALFRED VALDIVIESO-RODRIGUEZ,**

**[2] BLANCA I. PLAZA-RODRIGUEZ,**

**[3] NORBERTO J. SEDA-OLMO,**

**[4] JUAN M. RAMOS-GONZALEZ,**

**[5] JUAN A. TOSADO-POLANCO,**

**[6] ABELARDO LECOMPTE-TORRES, and**

**[7] MAILEEN LUGO-TORRES,**

the defendants herein, did knowingly and intentionally conspire and agree, together, and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:

a)     to dispense and possess with intent to dispense a controlled substance, which offense

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 9

involved a quantity of Hydrocodone, a Schedule III controlled substance in violation of Title 21,

United States Code, Sections 841(a)(1) and 841(b)(1)(D); and

b)  to dispense and possess with intent to dispense a controlled substance, which offense

involved a quantity of Phentermine and Diazepam, a Scheduled IV controlled substances, in violation

of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2).  All in violation of Title 21, United

States Code, Section 846.

**COUNTS TWO THROUGH NINETEEN**
**(Distribution of Controlled Substances)**
**Title 21, U.S.C., §§§ 841(a)(1), 841(b)(1)(D), 841(b)(2);**
**Title 18, U.S.C., § 2**

29.  Paragraphs One (1) through Twenty-eight (28) are realleged and incorporated herein

by reference.

30.  On or about the dates listed below, in the District of Puerto Rico, and elsewhere within

the jurisdiction of this Court, each of the defendants mentioned in each of the counts listed below,

aided and abetted each other, did knowingly and intentionally distribute and possess with the intent to

distribute one or more controlled substances, which offense involved substances containing: (a)

Hydrocodone, a Schedule III controlled substance, and/or (b) Phentermine, a Scheduled IV controlled

substance, and/or (c) Diazepam, a Scheduled IV controlled substance, as identified below:

| CTS | DATES | DEFENDANTS | CONTROLLED SUBSTANCE |
|-----|-------|------------|----------------------|
| 2 | 08/23/2005 | **[1] ALFRED VALDIVIESO-RODRIGUEZ** **[2] BLANCA I. PLAZA-RODRIGUEZ** | 90 tablets with 10 mg of Hydrocodone |
| 3 | 08/25/2005 | **[1] ALFRED VALDIVIESO-RODRIGUEZ** **[2] BLANCA I. PLAZA-RODRIGUEZ** | 90 tablets with 10 mg of Hydrocodone |

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 10

| 4 | 09/07/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[2] BLANCA I. PLAZA-RODRIGUEZ | 90 tablets with 10 mg of Hydrocodone |
|---|---|---|---|
| 5 | 04/06/2006 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[3] NORBERTO J. SEDA-OLMO | 90 tablets with 37.5 mg of Phentermine |
| 6 | 04/10/2006 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[3] NORBERTO J. SEDA-OLMO | 90 tablets with 37.5 mg of Phentermine |
| 7 | 04/16/2006 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[3] NORBERTO J. SEDA-OLMO | 90 tablets with 37.5 mg of Phentermine |
| 8 | 05/24/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[4] JUAN M. RAMOS-GONZALEZ | 90 tablets with 10 mg of Hydrocodone |
| 9 | 05/31/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[4] JUAN M. RAMOS-GONZALEZ | 90 tablets with 10 mg of Hydrocodone |
| 10 | 08/04/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[4] JUAN M. RAMOS-GONZALEZ | 90 tablets with 10 mg of Hydrocodone |
| 11 | 05/23/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[5] JUAN A. TOSADO-POLANCO | 90 tablets with 10 mg of Hydrocodone |
| 12 | 08/02/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[5] JUAN A. TOSADO-POLANCO | 90 tablets with 10 mg of Hydrocodone |
| 13 | 08/02/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[5] JUAN A. TOSADO-POLANCO | 90 tablets with 10 mg of Diazepam |
| 14 | 08/24/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ<br>[6] ABELARDO LECOMPTE-TORRES | 90 tablets with 10 mg of Hydrocodone |

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 11

| 15 | 09/06/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ [6] ABELARDO LECOMPTE-TORRES | 90 tablets with 10 mg of Hydrocodone |
|---|---|---|---|
| 16 | 09/06/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ [6] ABELARDO LECOMPTE-TORRES | 90 tablets with 10 mg of Hydrocodone |
| 17 | 08/23/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ [7] MAILEEN LUGO-TORRES | 90 tablets with 10 mg of Hydrocodone |
| 18 | 09/07/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ [7] MAILEEN LUGO-TORRES | 90 tablets with 10 mg of Hydrocodone |
| 19 | 09/08/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ [7] MAILEEN LUGO-TORRES | 90 tablets with 10 mg of Hydrocodone |

Each count listed above constituting a separate and distinct violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 841(b)(2), and Title 18, United States Code, Section 2.

## COUNTS TWENTY THROUGH TWENTY-THREE
### (Misbranding of prescription drugs with intent to defraud and mislead)
### Title 21, U.S.C., §§ 331(k), 333(a)(2);
### Title 18, U.S.C., § 2

31.     Paragraphs One (1) through Thirty (30) are realleged and incorporated herein by reference.

32.     On or about the dates listed below, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, each of the defendants mentioned in each of the counts listed below, aided and abetted each other, did issue prescriptions that caused that prescription drugs be dispensed in a State where defendants did not possess a license to practice medicine, causing such prescription

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 12

drugs to be misbranded while held for sale, pursuant to Title 21, United States Code, Section

353(b)(1), with the intent to defraud and mislead:

| CTS | DATES | DEFENDANTS | STATE WHERE PRESCRIPTION DRUGS WERE UNLAWFULLY DISPENSED | APPROXIMATE NUMBER OF PRESCRIPTIONS BY PHYSICIAN |
|---|---|---|---|---|
| 20 | 05/18/2004-09/20/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ | Colorado | 557 |
| | | [2] BLANCA I. PLAZA-RODRIGUEZ | | 1,674 |
| | | [4] JUAN M. RAMOS-GONZALEZ | | 371 |
| | | [5] JUAN A. TOSADO-POLANCO | | 424 |
| | | [6] ABELARDO LECOMPTE-TORRES | | 1,500 |
| | | [7] MAILEEN LUGO-TORRES | | 1,239 |
| 21 | 05/06/2004-05/20/2005 | [1] ALFRED VALDIVIESO-RODRIGUEZ | Pennsylvania | 1,313 |
| | | [5] JUAN A. TOSADO-POLANCO | | 13 |
| 22 | 10/21/2003-12/05/2003 | [1] ALFRED VALDIVIESO-RODRIGUEZ | South Carolina | 673 |
| | | [2] BLANCA I. PLAZA-RODRIGUEZ | | 9 |
| 23 | 04/04/2006-04/19/2006 | [3] NORBERTO J. SEDA-OLMO | Maryland | 990 |

Each count listed above constituting a separate and distinct violation of Title 21, United States

Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section 2.

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 13

## COUNTS TWENTY-FOUR THROUGH THIRTY-THREE
### (Wire Fraud)
### Title 18, U.S.C., §§ 1343 and 2

33.     Paragraphs One (1) through Thirty-two (32) are realleged and incorporated herein

by reference.

34.     On or about the dates set forth below, in the District of Puerto Rico, and elsewhere and

within the jurisdiction of this Court,

### [1] ALFRED VALDIVIESO-RODRIGUEZ,

the defendant herein, aided and abetted by others known to the Grand Jury, for the purpose of

executing and attempting to execute the scheme described in the General Allegations and Counts One

through Twenty-three and to obtain money and property by false and fraudulent pretenses,

representations and promises, did transmit and cause to be transmitted, in interstate and foreign

commerce, by means of wire communication, the writings, signs, signals, pictures and sounds set

forth below:

| COUNT | DATE OF WIRE | SENDER | RECEIVER | COMMUNICATION |
|---|---|---|---|---|
| 24 | 03/22/2005 | BC LTD | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $31,884.00 |
| 25 | 02/21/2006 | All Service Consultants, Inc. | Valdivieso - RG Premier Bank account number 2101003222 | Wire transfer in the amount of $28,802.00 |

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 14

| 26 | 06/21/2005 | All Service Consultants, Inc. | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $28,264.20 |
|----|------------|-------------------------------|---------------------------------------------------------------|-------------------------------------------|
| 27 | 11/23/2005 | Pitcairn Group | Valdivieso - First Bank account number 329000025 | Wire transfer in the amount of $27,953.00 |
| 28 | 07/26/2005 | All Service Consultants, Inc. | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $26,965.40 |
| 29 | 07/12/2005 | All Service Consultants, Inc. | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $26,882.10 |
| 30 | 08/09/2005 | All Service Consultants, Inc. | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $26,678.10 |
| 31 | 02/28/2006 | All Service Consultants, Inc. | Valdivieso - RG Premier Bank account number 2101003222 | Wire transfer in the amount of $26,479.40 |
| 32 | 07/19/2005 | All Service Consultants, Inc. | Valdivieso - Banco Bilbao Vizcaya account number 0321360401186 | Wire transfer in the amount of $24,898.20 |
| 33 | 11/07/2005 | Pitcairn Group | Valdivieso - First Bank account number 329000025 | Wire transfer in the amount of $31,115.00 |

Each wire transfer listed above constituting a separate and distinct violation of Title 18,

United States Code, Sections 1343 and 2.

**COUNT THIRTY-FOUR**
**(Money Laundering)**
**Title 18, U.S.C., §§ 1956(h) and 1956(a)(1)(A)(i)**

35.     Paragraphs One (1) through Thirty-four (34) are realleged and incorporated herein by

reference.

36.     In or about October 27, 2003 thorough in or about May, 2006, in the District of

Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] ALFRED VALDIVIESO-RODRIGUEZ,**

**[2] BLANCA I. PLAZA-RODRIGUEZ,**

**[3] NORBERTO J. SEDA-OLMO,**

**[4] JUAN M. RAMOS-GONZALEZ,**

**[5] JUAN A. TOSADO-POLANCO,**

**[6] ABELARDO LECOMPTE-TORRES,** and

**[7] MAILEEN LUGO-TORRES,**

did knowingly combine, conspire, confederate and agree, together and with others known and

unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section

1956(a)(1)(A)(i), to conduct and attempt to conduct financial transaction affecting interstate and

foreign commerce, described below, which involved property which was the proceeds of a specified

unlawful activity, to wit, the illegal dispensing of controlled substances in violation of Title 21,

United States Code, Sections 846, 841(a)(1), 841(b)(1)(D), and 841(b)(2), with the intent to promote

the carrying on of said specified unlawful activity in violation of Title 18, United States Code,

Sections 1956(a)(1)(A)(i) and 1956(h).

## OBJECTS OF THE CONSPIRACY

37.     The objects of the conspiracy included the following:

a)      To gain and/or obtain for personal benefit large quantities of United States currency in

exchange for obtaining invalid prescriptions and illegally dispensing controlled substances through an

internet business.

b)      To enrich co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA**

**I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ,**

**[5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and

**[7] MAILEEN LUGO-TORRES** by providing them compensation for conducting internet consultations

and issuing illegal prescriptions.

## MANNER AND MEANS

38.     It was part of the combination, conspiracy, confederation and agreement that the co-

conspirators and co-defendants would promote the specified unlawful activity, that is the illegal

dispensing of controlled substances, as follows:

a)      The defendants serviced clients seeking to obtain controlled substances in a

manner as set out in the General Allegations to this indictment.

b)      The clients would pay a fee to the Internet Facilitation Centers for their internet

consultation with the co-conspirator and co-defendant doctors, the subsequent writing of a prescription

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 17

for controlled substances, and cost of the drugs prescribed and for the shipping of those drugs.   These

fees constituted proceeds of illegal drug transactions.

c)        After receiving the illegal proceeds, the Internet Facilitation Centers paid defendant **[1]**

**ALFRED VALDIVIESO-RODRIGUEZ** per prescriptions written and client consultations made.

d)        Defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ** used the illegal proceeds to pay

co-defendants **[2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN**

**M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-**

**TORRES,** and **[7] MAILEEN LUGO-TORRES** for their internet consultations.

e)        Each of the co-conspirator and co-defendant doctors was paid based on the

number of clients prescribed to.   The co-conspirator and co-defendant doctors received monies as

payment for their part in promoting the illegal activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h).

## COUNT THIRTY-FIVE
### (DRUG FORFEITURE ALLEGATION)
### Title 21, U.S.C., § 853

39.        Upon conviction of one or more of the offenses alleged in Counts One (1) through

Nineteen (19) of this Indictment,

**[1] ALFRED VALDIVIESO-RODRIGUEZ,**

**[2] BLANCA I. PLAZA-RODRIGUEZ,**

**[3] NORBERTO J. SEDA-OLMO,**

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 18

[4] JUAN M. RAMOS-GONZALEZ,

[5] JUAN A. TOSADO-POLANCO,

[6] ABELARDO LECOMPTE-TORRES, and

[7] MAILEEN LUGO-TORRES,

defendants herein, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853,

any property constituting, or derived from, proceeds obtained, directly or indirectly, and property used,

or intended to be used, in any manner or part, to commit, or to facilitate the commission of Counts One

(1) through Nineteen (19), including but not limited to the following:

a)      All rights, title and interest in the Commonwealth of Puerto Rico Medical licenses,

Drug Enforcement Administration licenses, and ASSMCA licenses identified in the chart below:

| NAME | DEA # | ASSMCA # | TEM |
|---|---|---|---|
| [1] ALFRED VALDIVIESO-RODRIGUEZ | BV7805560 | DM-14085-5 | 13,907 |
| [2] BLANCA I. PLAZA-RODRIGUEZ | BP7805584 | DM-14084-8 | 13,900 |
| [3] JUAN A. TOSADO-POLANCO | BT7498670 | DM-14083-0 | 13,906 |
| [4] NORBERTO J. SEDA-OLMO | BS8544771 | DM-14954-2 | 15,062 |
| [5] JUAN M. RAMOS-GONZALEZ | BR8482438 | DM-13993-1 | 14,878 |
| [6] MAILEEN LUGO-TORRES | BL7788271 | DM-14408-9 | 14,224 |
| [7] ABELARDO E. LECOMPTE-TORRES | BL7445516 | DM-15579-6 | 15,671 |

b)      All rights, title and interest in Bank of America account number 4432605480, held in

the name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

c)      All rights, title and interest in First Bank account number 32-090000025, held in the

name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

d)      All rights, title and interest in RG Premier Bank account number 2101003222, held in

the name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 19

e)      All rights, title and interest in Banco Bilbao Vizcaya Argentina account number 032-1360401186, held in the name of defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ,** and

f)      Money Judgement against enrich co-defendants **[1] ALFRED VALDIVIESO-RODRIGUEZ, [2] BLANCA I. PLAZA-RODRIGUEZ, [3] NORBERTO J. SEDA-OLMO, [4] JUAN M. RAMOS-GONZALEZ, [5] JUAN A. TOSADO-POLANCO, [6] ABELARDO LECOMPTE-TORRES,** and **[7] MAILEEN LUGO-TORRES** for a sum of money equal to at least **Three Million Two Hundred Eighty-eight Thousand Twenty-four Dollars and Twenty-five Cents ($3,288,024.25)** in United States currency, representing the amount of proceeds obtained as a result of the offense for which the co-defendants are jointly and severally liable.

40.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to, all rights title and interest in:

a)      **URBANA**: Solar marcado con el número 2 del Bloque "E" del plano de inscripción de la Urbanización Valle Verde Development, situada en el Barrio Maresúa de San Germán, con una cabida superficial de 339.432 metros cuadrados, en lindes por el Norte, con el Solar No.1, del Bloque "E", en distancia de 25.217 metros; por el Sur, con el Solar No. 3 del Bloque "E", en 26.485 metros; por el Este, con la Calle No. 4 del mismo Proyecto y con una curva de 13.244 metros; y por el Oeste, con remanente en 13.129 metros. Inscrita en el Tomo 549, Folio 126, Finca número 13240 del Registro de la Propiedad, Sección de San Germán, a favor de Alfred Valdivieso Rodríguez.

b)      **URBANA:PROPIEDAD HORIZONTAL:**Condominio Patio Señorial

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 20

Apartments, Apartamento residencial No. 201-E, para uso residencial enmarcado en un rectángulo que mide 29.0 metros por 43.2 metros con un área de aproximadamente 1,323.227 pies cuadrados, equivalentes a 122.994 metros cuadrados que está ubicado en el piso segundo del edificio "E" del Condominio Patio Señorial Apartments, radicado en el Barrio Machuelo del término municipal de Ponce, Puerto Rico, colinda por el Norte, en una distancia de 43.2 pies con el área de estacionamiento del Condominio Patio Señorial Apartments; al Sur, en 43.2 pies con terrenos de la Autoridad de Carreteras de Puerto Rico; al Este, en 35.0 pies, con el Apartamento 202-E del Condomino Patio Señorial Apartments; y al Oeste, en 35.0 pies con espacio abierto y con el Edificio "D" del Condomino Patio Señorial Apartments, sobre este apartamento quedan ubicados los apartamentos PH-2-E y PH-1EM del Condominio Patio Señorial Apartments, bajo este apartamento queda ubicado el Apartamento 101-E. Su puerta principal de acceso a un vestíbulo interior del segundo piso y a la escalera exterior cuya escalera conduce al primer piso del Edificio "E" y da acceso al área de entrada del Condominio. Consta de sala, comedor, cocina, "laundry", dos baños, tres habitaciones dormitorios, un "walk-in-closet" y dos balcones con els siguiente equipo: calentador de agua, y gabinetes de cocina. Este apartamento tiene alarmas contra incendio instaladas en todos los cuartos, pasillos y cocina y un extintor de fuego. Le corresponde a este apartamento una participación en los elementos comunes generales de 1.728%. Inscrita en el Tomo 1925, Folio 221, Número de Finca 61485, del Registro de la Propiedad, Sección Primera de Ponce, a favor de Blanca Iris Plaza Rodríguez.

　　　c)　　**URBANA:PROPIEDAD HORIZONTAL:** Apartment Six-B: A two story apartment in the West wing of the building Condominum El Rey, eight Manuel Rodríguez Serra Street, Condado Santurce Norte. Its first story is located on the fifth floor and comprises an area of six hundred twenty one square feet and sixty-four hundredths of a square foot, equivalent to fifty-seven square meters and seventy-seven hundredths of a square meters, bounded: on the North in distances of twenty two feet and teninches, seven foot and four inchesm and six feet respectively, by an eight inches thick common masonery wall, four inches thick common partition wall and by a common wood screen partition wall separating all these common elements from the adjacent apartment One-B; on the South, in a distance of thirty six feet, by the left side yard which is bounded by lot property of Manuel Rodríguez Serra; on the East, in distances of fifteen feet and nine inches, by a central common yard between the East and West wing, and on the West, in a distance of nineteen feet and nine inches by the rear yard which is bounded by lot property of Behn Brothers; on the South, in an distance of thirty-six feet, by the left side yard which is bounded by lot property of Manuel Rodríguez Serra; on the East, in distances of fourteen feet and eight inches, ten feet and four inches, six feet and nine feet and six inches, respectively by a common central yard between East and West wing by common wall separating the apartment from the stairway, common entrance hallway and North central yard between East and West wings; and on the West, in a distance of forty feet and six inches by the rear yard which is bounded by lot property of Behn Brothers. This apartment has its first story a studio room, a kitchen and foyer, and separated by a partition wall two bedrooms and bathroom and stairway that leads to the second story which consists of living dining room, kitchen, a master bedroom, bathroom and a main bathroom. Inscrita en el Tomo 1131, Folio 195, Número de Finca 17882, del Registro de la Propiedad, Sección de San Juan, Santurce Norte, a favor de Alfred Valdivieso Rodríguez.

　　　All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2, Federal

Rules of Criminal Procedure.

## COUNT THIRTY-SIX
## (FORFEITURE ALLEGATION)
### Title 18, U.S.C., § 982

41.     Upon conviction of one or more of the offenses alleged in Counts Twenty-four (24)

through Thirty-four (34) of this Indictment,

### [1] ALFRED VALDIVIESO-RODRIGUEZ,

the defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code,

Section 982 any property constituting, or derived from, proceeds obtained directly or indirectly, as a

result of violations of Title 18, United States Code, Sections 1343, 1956(h) and 1956(a)(1)(A)(I), or

conspiracy to commit such offense, and all property traceable to such property as a result of the

defendants' conviction of Counts Twenty-four (24) through Thirty-four (34) of this indictment,

including but not limited to the following:

a)      All rights, title and interest in Bank of America account number 4432605480, held in

the name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

b)      All rights, title and interest in First Bank account number 32-090000025, held in the

name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

c)      All rights, title and interest in RG Premier Bank account number 2101003222, held in

the name of defendant [1] ALFRED VALDIVIESO-RODRIGUEZ,

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 22

d)      All rights, title and interest in Banco Bilbao Vizcaya Argentina account number 032-

1360401186, held in the name of defendant **[1] ALFRED VALDIVIESO-RODRIGUEZ,** and

e)      Money Judgement against enrich defendant **[1] ALFRED VALDIVIESO-**

**RODRIGUEZ** for a sum of money equal to at least **Three Million Two Hundred Eighty-eight**

**Thousand Twenty-four Dollars and Twenty-five Cents ($3,288,024.25)** in United States currency,

representing the amount of proceeds obtained as a result of the offense for which the defendants are

jointly and severally liable.

42.      If any of the above-described forfeitable property, as a result of any act or omission of

the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to,

or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been

substantially diminished in value; or has been commingled with other property which cannot be

divided without difficulty it is the intent of the United States, pursuant to Title 21, United States

Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of

the forfeitable property described in this forfeiture allegation, including but not limited to, all rights

title and interest in:

a)      **URBANA**: Solar marcado con el número 2 del Bloque "E" del plano de inscripción de
la Urbanización Valle Verde Development, situada en el Barrio Maresúa de San Germán, con una
cabida superficial de 339.432 metros cuadrados, en lindes por el Norte, con el Solar No.1, del Bloque
"E", en distancia de 25.217 metros; por el Sur, con el Solar No. 3 del Bloque "E", en 26.485 metros;
por el Este, con la Calle No. 4 del mismo Proyecto y con una curva de 13.244 metros; y por el Oeste,
con remanente en 13.129 metros. Inscrita en el Tomo 549, Folio 126, Finca número 13240 del
Registro de la Propiedad, Sección de San Germán, a favor de Alfred Valdivieso Rodríguez.

b)      **URBANA:PROPIEDAD HORIZONTAL:**Condominio Patio Señorial
Apartments, Apartamento residencial No. 201-E, para uso residencial enmarcado en un rectángulo
que mide 29.0 metros por 43.2 metros con un área de aproximadamente 1,323.227 pies cuadrados,
equivalentes a 122.994 metros cuadrados que está ubicado en el piso segundo del edificio "E" del

INDICTMENT
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 23

Condominio Patio Señorial Apartments, radicado en el Barrio Machuelo del término municipal de Ponce, Puerto Rico, colinda por el Norte, en una distancia de 43.2 pies con el área de estacionamiento del Condomino Patio Señorial Apartments; al Sur, en 43.2 pies con terrenos de la Autoridad de Carreteras de Puerto Rico; al Este, en 35.0 pies, con el Apartamento 202-E del Condomino Patio Señorial Apartments; y al Oeste, en 35.0 pies con espacio abierto y con el Edificio "D" del Condomino Patio Señorial Apartments, sobre este apartamento quedan ubicados los apartamentos PH-2-E y PH-1EM del Condominio Patio Señorial Apartments, bajo este apartamento queda ubicado el Apartamento 101-E. Su puerta principal de acceso a un vestíbulo interior del segundo piso y a la escalera exterior cuya escalera conduce al primer piso del Edificio "E" y da acceso al área de entrada del Condominio. Consta de sala, comedor, cocina, "laundry", dos baños, tres habitaciones dormitorios, un "walk-in-closet" y dos balcones con els siguiente equipo: calentador de agua, y gabinetes de cocina. Este apartamento tiene alarmas contra incendio instaladas en todos los cuartos, pasillos y cocina y un extintor de fuego. Le corresponde a este apartamento una participación en los elementos comunes generales de 1.728%. Inscrita en el Tomo 1925, Folio 221, Número de Finca 61485, del Registro de la Propiedad, Sección Primera de Ponce, a favor de Blanca Iris Plaza Rodríguez.

c) **URBANA:PROPIEDAD HORIZONTAL:** Apartment Six-B: A two story apartment in the West wing of the building Condominum El Rey, eight Manuel Rodríguez Serra Street, Condado Santurce Norte. Its first story is located on the fifth floor and comprises an area of six hundred twenty one square feet and sixty-four hundredths of a square foot, equivalent to fifty-seven square meters and seventy-seven hundredths of a square meters, bounded: on the North in distances of twenty two feet and teninches, seven foot and four inchesm and six feet respectively, by an eight inches thick common masonery wall, four inches thick common partition wall and by a common wood screen partition wall separating all these common elements from the adjacent apartment One-B; on the South, in a distance of thirty six feet, by the left side yard which is bounded by lot property of Manuel Rodríguez Serra; on the East, in distances of fifteen feet and nine inches, by a central common yard between the East and West wing, and on the West, in a distance of nineteen feet and nine inches by the rear yard which is bounded by lot property of Behn Brothers; on the South, in an distance of thirty-six feet, by the left side yard which is bounded by lot property of Manuel Rodríguez Serra; on the East, in distances of fourteen feet and eight inches, ten feet and four inches, six feet and nine feet and six inches, respectively by a common central yard between East and West wing by common wall separating the apartment from the stairway, common entrance hallway and North central yard between East and West wings; and on the West, in a distance of forty feet and six inches by the rear yard which is bounded by lot property of Behn Brothers. This apartment has its first story a studio room, a kitchen and foyer, and separated by a partition wall two bedrooms and bathroom and stairway that leads to the second story which consists of living dining room, kitchen, a master bedroom, bathroom and a main bathroom. Inscrita en el Tomo 1131, Folio 195, Número de Finca 17882, del Registro de la Propiedad, Sección de San Juan, Santurce Norte, a favor de Alfred Valdivieso Rodríguez.

**INDICTMENT**
U.S. v. Alfred Valdivieso-Rodriguez, et al.
page 24


All in accordance with Title 18, <u>United States Code</u>, Section 982(a)(1), and Rule 32.2, Federal

Rules of Criminal Procedure.


ROSA EMILIA RODRIGUEZ-VELEZ                    TRUE BILL
United States Attorney


_____
Jose A. Ruiz-Santiago                           Foreperson
Assistant U.S. Attorney                          Dated: 1/26/07
Chief, Criminal Division


Desirée Laborde-Sanllorenzo
Assistant U.S. Attorney
Deputy Chief, Criminal Division


Julia Díaz-Rex
Assistant U.S. Attorney
Dated: 9/23/2007